**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CASE NO. 1:21-cv-00313-MR**

| | |
|---|---|
| **DARYL LYNN SPARKS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **TODD ISHEE, Secretary, North** ) | |
| **Carolina Department of Adult** ) | |
| **Correction,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the Respondent's Motion

to Dismiss on Non-Exhaustion Grounds, filed on July 19, 2023. [Doc. 8].

## I.    PROCEDURAL BACKGROUND

Daryl Lynn Sparks (the "Petitioner") was convicted as a habitual felon

in Mitchell County Superior Court on April 14, 2021 after pleading guilty to

possession of methamphetamine and possession of drug paraphernalia.

[Doc. 1 at 1]. The Petitioner was sentenced to 30 months to 48 months of

incarceration. [Id.]. The Petitioner did not file an appeal of his judgment of

conviction. [Id. at 2].

The Petitioner filed a Petition for Writ of Habeas Corpus in the Mitchell

County Superior Court on July 8, 2021, which was denied on July 21, 2021.

[Id. at 3-4; Doc. 1-1 at 5-7]. Following the denial, the Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals which was denied on September 2, 2021. [Doc. 1 at 7]. The Petitioner filed a Petition for Discretionary Review with the North Carolina Supreme Court on September 23, 2021, which was denied on September 24, 2021. [Doc. 1-1 at 9-10].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on October 19, 2021. [Doc. 1]. Upon initial review of the Petition, the Court issued an Order directing the Respondent to file a response to the Petition. [Doc. 5]. Respondent now moves for dismissal of the Petition based on the Petitioner's failure to exhaust state remedies. [Docs. 8, 9].

## II.     DISCUSSION

As grounds § 2254 relief, the Petitioner alleges that trial counsel provided ineffective assistance by failing to contact the Petitioner regarding his court dates, which caused the Petitioner to be charged with a failure to appear and have his bond revoked. [Doc. 1 at 4-5]. The Petitioner further alleges that counsel was ineffective for failing to file a motion seeking a bond reduction, failing to conduct a proper investigation, and for advising him to enter a guilty plea to the charges. [Id. at 5-6].

Respondent now moves to dismiss the § 2254 petition on grounds that the Petitioner failed to exhaust his state remedies. Respondent alleges that

2

none of the state petitions filed by the Petitioner could fairly present any of his current grounds for relief to the state courts for adjudication. [Doc. 9 at 4]. Although the Petitioner presented ineffective assistance of trial counsel in a state petition for writ of habeas corpus, Respondent argues that such claims cannot be raised in that type of filing because they are not claims that relate to the trial court's jurisdiction to enter judgment. [Id. at 6]. Respondent argues that the Petitioner did not raise his claims in an appropriate state filing required to exhaust his state remedies. [Id.].

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking federal review of his state conviction must exhaust his available state remedies before pursuing habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). The prisoner bears the burden of proving exhaustion. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. This Court may only consider those issues that were fairly presented to the state

court.  <u>Williams v. Terry</u>, 2011 WL 4747925, *2 (W.D.N.C. October 7, 2011)(unpublished).

The Petitioner did not directly appeal his conviction, nor did he file an appropriate post-conviction motion in state court.  His state petition for writ of habeas corpus did not satisfy the exhaustion requirements.  <u>See</u> N.C.Gen. Stat. § 17-1 (limiting state habeas petitions to questioning whether the sentencing court lacked jurisdiction of the matter or whether the judgment that was imposed is void for lack of jurisdiction, not merely erroneous).  The Petitioner has failed to exhaust his state remedies and therefore, his § 2254 petition shall be dismissed.

## III.    CONCLUSION

For the reasons stated herein, the Respondent's Motion to Dismiss [Doc. 8] is granted.  The § 2254 petition is procedurally barred due to the Petitioner's failure to exhaust his state remedies.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000)(holding

4

that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss [Doc. 8] is **GRANTED.**

2. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge